**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel M. Leeyer, | No. CV-25-08061-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Stores Incorporated, | |
| Defendant. | |

*Pro se* Plaintiff Daniel M. Leeyer ("Plaintiff") asks the Court to appoint a guardian ad litem to help him pursue this matter under Federal Rule of Civil Procedure 17(c). (Doc. 27). Defendant Circle K Stores Incorporated ("Defendant") states that it "takes no position on these issues pending further discovery[,]" however, it objects to Ms. Marcia Strand being appointed as the guardian ad litem as she was present during the alleged incident. (Doc. 29 at 1). The Court will deny Plaintiff's Motion for the following reasons.

"[A]n incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). The Court "***must*** appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. (emphasis added). The purpose of this rule "is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017) (quoting *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014)). The court's obligation to appoint a guardian ad litem or to issue another appropriate order under Rule 17(c) does not arise "until after a

determination of incompetence has been made by the court in which the issue is raised." *Forte v. Cnty. of Merced*, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013) (*citing Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir.2003)) (emphasis omitted).

The procedure for determining competency is set by federal law, but the court looks to state law for competency standards. *See* Fed. R. Civ. P. 17(b)(1); *In re County of Orange*, 784 F.3d 520, 523-24 (9th Cir. 2015). In Arizona, a party is incompetent if he or she is unable to understand the nature and object of the proceeding. *See* A.R.S. § 13–4501(3) (" 'Incompetent to stand trial' means that as a result of a mental illness, defect or disability a defendant is unable to understand the nature and object of the proceeding or to assist in the defendant's defense."). However, "being 'mentally ill' and being 'mentally incompetent' are not the same." *Kelly R. v. Arizona Dep't of Econ. Sec.*, 137 P.3d 973, 977 (Ariz. Ct. App. 2006) (citing *Id.*) ("The presence of a mental illness, defect or disability alone is not grounds for finding a defendant incompetent to stand trial.").

A party "proceeding *pro se* in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). "Substantial evidence" is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Kyung Park v. Holder*, 572 F.3d 619, 624 (9th Cir. 2009) (quoting *Turcios v. INS*, 821 F.2d 1396, 1398 (9th Cir.1987)). The Ninth Circuit has specifically found substantial evidence of incompetence in the habeas[1] context where the movant "(1) he had a lengthy medical history demonstrating severe mental health issues; (2) there was witness testimony indicating severe mental impairment, hallucinations, and multiple commitments to a psychiatric ward; and (3) [the movant] was missing a piece of his brain the size of a grapefruit.' " *United States v. Dreyer*, 705 F.3d 951, 970 (9th Cir. 2013) (quoting *Odle v. Woodford*, 238 F.3d at 1088–90 (9th Cir. 2001)).

When there is substantial evidence of a *pro se* plaintiff's incompetency, the court

---

[1] Rule 17 "applies to habeas petitioners as it does to other civil litigants." *Allen*, 408 F.3d at 1153.

- 2 -

typically holds a competency hearing to determine if a guardian ad litem should be appointed. *See Harris*, 863 F.3d at 1138. Once the court determines that a *pro se* litigant is incompetent, the court should generally appoint a guardian ad litem under Rule 17(c). However, "the Rule does not make such an appointment mandatory. If another order would sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian, the court may enter such an order." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014).

To support his request, Plaintiff submits a letter to verify that he was enrolled in the Grossmont Union High School Special Education Programs; specifically, the "Educationally Handicapped Program" with a learning disability. (Doc. 27-2 at 1). He has also submitted evidence that he has been diagnosed with Attention Deficit Hyperactivity Disorder, a learning disability (*id*. at 2), and has a history of head trauma, memory issues, and chronic learning disability (*id*. at 3). Lastly, Plaintiff has submitted a letter from a medical provider at Kaiser Permanente Physician Assistant, Zachary Stile, which details that he has "a history of a traumatic brain injury with a learning disability." (*Id*. at 4). This letter also recommends that Plaintiff would benefit from having his power of attorney, Ms. Strand, "attend his court appointment[s]." (*Id.*)

This evidence may show that Plaintiff has a mental disability: ADHD. However, this disability is not substantial evidence that Plaintiff is incompetent. *See Kelly R.*, 137 P.3d at 977. In fact, his Complaint, originally filed in state court, is clear and cites to relevant law. (*See* Doc. 1-1 at 5 ("In Arizona, an Invitee is a person who enters onto a property of another for an express business purpose. In Arizona, a property owner, owes the highest duty of care to Invitees, which means they must regularly inspect the premises and promptly fix or warn against any dangerous conditions to ensure safety. On 2/22/23, Plaintiff Leeyer, as an Invitee of #00420 Circle K (Defendant Circle K Stores Inc. is Corporate Office), was severely injured from slipping on gas on the property of #00420 Circle K due to the owner's breach by their negligence in maintaining and monitoring safe conditions of their premises.")). This filing undercuts Plaintiff's argument that he needs a Guardian ad Litem to understand the proceedings against him.

1  The Court's duty to make a competency determination has not been triggered. *Allen*, 408 F.3d at 1153. This decision is supported by Plaintiff's letter from Mr. Stiles, which recommends that Ms. Strand, Plaintiff's Power of Attorney, be allowed to "***attend*** his "court appointment[s]." (Doc. 27-2 at 4). Mr. Stiles does not state that Plaintiff would be incapable of understanding any legal proceeding, however. The evidence Plaintiff has submitted is insufficient to trigger the Court's duty to have a Rule 17 competency hearing. *Cf. Zolnierz v. Arpaio*, 2013 WL 68608, at *3 (D. Ariz. Jan. 7, 2013) (finding that the plaintiff's evidence was sufficient to trigger the court's duty to have a Rule 17 competency hearing where they submitted (1) a report that they suffered paranoia, persecutory ideations, auditory hallucinations, manic episodes, depression, pressured speech, racing thoughts, little sleep, and mood liability; (2) a physician's notes that the plaintiff's psychotic features were becoming more evident and problematic; and (3) a record that the plaintiff was placed on suicide watch); *see also Odle*, 238 F.3d at 1088–90.

Moreover, Plaintiff has not argued or shown that he is unable to understand the nature and object of these proceedings. Instead, he simply argues that he has a mental impairment that will impede his ability to represent himself. (Doc. 27 at 1). This argument, and the evidence supporting it, only show that Plaintiff has a learning disability—not that he is mentally incompetent. *See Kelly R.*, 137 P.3d at 977. Thus, the Court will not grant Plaintiff's Motion, but will recommend that he review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[2]

Accordingly,

/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants. The District of Arizona also has an "Advice Only Clinic" which offers 30 minute appointments of free phone advice from volunteer lawyers for people who are representing themselves. https://www.azd.uscourts.gov/federal-court-advice-only-clinic-phoenix.

- 4 -

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Guardian ad Litem (Doc. 27) is **DENIED**.

Dated this 24th day of July, 2025.

*[signature]*
Honorable Diane J. Humetewa
United States District Judge