WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel M. Leeyer, | No. CV-25-08061-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Stores Incorporated, | |
| Defendant. | |

Plaintiff and Defendant filed a Joint Statement of Discovery Dispute about Plaintiff's Expert Disclosure. (Doc. 41). The parties dispute whether Plaintiff's expert disclosure complied with both the applicable deadlines in their Scheduling Order (Doc. 34) and the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

**I.   Background**

Under the Court's initial Scheduling Order (Doc. 24), Plaintiff's deadline for expert disclosures was July 11, 2025. The Court granted an extension of this deadline to August 15, 2025. (Doc. 34). Plaintiff disclosed a "petroleum and convenience store expert," David Sinai, on August 15, 2025. (Doc. 41). Defendant claims that Plaintiff's August 15, 2025, Supplemental Disclosure Statement was deficient because it did not include a signed, written report by the expert. (Doc. 41 at 1–2). Plaintiff states that his expert report will be disclosed "before the Court's November 6, 2025 deadline."[1] (*Id.* at 3–4).

---

[1] In the Court's Order extending expert witness deadlines, the Court extended the deadline for expert depositions to November 7, 2025. (Doc. 34). However, a November 6, 2025, deadline does not appear in either the Rule 16 Scheduling Order (Doc. 24) or the Order extending expert deadlines (Doc. 34), so it is unclear how Plaintiff arrived at this date.

## II. Discussion

The crux of the issue is Plaintiff's miscomprehension of the deadlines and what is required by the expert disclosure deadline. Plaintiff's full and complete expert disclosures were due by August 15, 2025. However, as of the deadline, Plaintiff only named an expert and provided his purported areas of expertise.

Under F.R.C.P. 26(2)(a)(B), an expert witness disclosure must be accompanied by written report that is prepared and signed by the witness, if the witness is retained to provide expert testimony. *Id.* The report must contain: (i) a complete statement of all the witness's opinions and the basis reasons for them; (ii) the facts and data considered; (iii) any exhibits that will be used; (iv) the witness's qualifications, including all publications authored in the previous 10 years; (v) the cases in which the witness testified as an expert in trial or by deposition in the last 4 years; and (vi) a statement of compensation to be paid for the work done in the case. *Id.*

Plaintiff was required to give expert disclosures in compliance with F.R.C.P. 26(2)(a)(B) by August 15, 2025. Plaintiff failed to do so and, instead, claims that full disclosures will be made by November 6, 2025, citing F.R.C.P. 26(e)(2). (Doc. 41 at 4). But Plaintiff's full and complete expert disclosures were due by August 15, 2025, and Plaintiff does not articulate cause—beyond his misunderstanding of the applicable legal rules—for his nondisclosure. Notwithstanding these shortcomings, beyond a perfunctory claim of prejudice, the Court also notes that Defendant fails to articulate how it will be prejudiced by any late disclosure. Now that Plaintiff understands his obligation to provide a complete expert report under the Rules, the Court will allow him to supplement.

The parties are directed to meet and confer about a new expert disclosure schedule and whether there is a need for an extension of other case management deadlines. Plaintiff is again reminded that his expert disclosures must be made in a timely manner and adhere to the specifications of F.R.C.P. 26(2)(a)(B).

Accordingly,

**IT IS ORDERD** that Plaintiff and Defendant are to meet and confer by October 3,

2025, regarding proposed extensions of time for expert disclosures, rebuttal disclosures, and expert depositions, and if necessary, other case management deadlines.

**IT IS FURTHER ORDERED** that a joint stipulation of proposed dates should be filed with the Court by October 6, 2025. If parties are unable to agree, a status report should be filed by the same date noting the parties' areas of disagreement.

Dated this 24th day of September, 2025.

Honorable Diane J. Humetewa
United States District Judge