**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel M. Leeyer,<br><br>  Plaintiff,<br><br>v.<br><br>Circle K Stores Incorporated,<br><br>  Defendant. | No. CV-25-08061-PCT-DJH<br><br>**ORDER** |

Plaintiff Daniel M. Leeyer ("Plaintiff") filed an Amended Motion for Extension of Time to Comply with Expert Witness and Related Supplement Deadlines (Doc. 57). Plaintiff failed to confer with Defendant Circle K Stores Inc. ("Defendant"), so there is no response from Defendant. Previously, Plaintiff filed Motion for ADA Communication Accommodation (Doc. 51), and Defendant thereafter filed a Response (Doc. 54). The Court will address each of Plaintiff's Motions in turn.

**I.  Amended Motion for Extension of Time (Doc. 57)**

Plaintiff's Amended Motion for Extension of Time (Doc. 57) was filed after the Court denied his earlier Motion for Extension of Time (Doc. 55). In its Order, the Court explained that Plaintiff's initial Motion was denied without prejudice and allowed Plaintiff to refile after determining and stating Defendant's position in compliance with LRCiv 7.3(b). (*See* Doc. 56). Plaintiff's Amended Motion still lacks Defendant's position.

Plaintiff states, in his LRCiv. 7.3(b) statement, that his failure to confer is due to his pending Motion for ADA Communication Accommodation. (Doc. 57 at 2). Specifically,

Plaintiff asserts that "[p]ending a ruling on that motion, Plaintiff is unable to contact Defendant's counsel directly to determine Defendant's position on this request." (*Id.*) Plaintiff is incorrect that the pendency of his ADA Motion negates his duty to confer with Defendant. Plaintiff is required to comply with the Local Rules, notwithstanding either his pending Motion or the Court's ultimate conclusion on it.

While Plaintiff's failure to adhere to LRCiv 7.3(b) or the Court's prior Order (Doc. 56) is reason enough to deny the Amended Motion, Plaintiff has not demonstrated good cause warranting an extension of time. Plaintiff argues that good cause exists because his pending ADA Motion impacts his ability to meet and confer, his medical and communication disabilities necessitate additional time, and he is still reviewing Defendant's most recent disclosures. (Doc. 57 at 1–2). The Court has already addressed that his pending Motion in no way implicates Plaintiff's responsibilities in this matter, and Plaintiff's bald assertions fail to explain why the months of extended time have been insufficient to complete expert disclosures. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) ("'[G]ood cause' standard primarily considers the diligence of the party seeking the amendment.").

Under the Rule 16 Scheduling Order (Doc. 24), Plaintiff's expert disclosures were due on July 11, 2025. Plaintiff has been granted several, lenient extensions that have pushed his current disclosure deadline to November 7, 2025. (*See* Docs. 34, 48). The Court is sympathetic to Plaintiff's disabilities but finds that, where Plaintiff has only identified one expert, the prior extensions afforded ample time for Plaintiff to complete disclosures. Therefore, Plaintiff's Amended Motion is denied, and his full and complete expert disclosures are still due on November 7, 2025. Plaintiff is further advised that he must follow all Local Rules of Civil Procedure throughout the duration of this case.

## II.     Motion for ADA Communication Accommodations (Doc. 51)

In his Motion for ADA Communication Accommodations, Plaintiff requests that the Court order all communications related to this litigation occur through email correspondence or in person with the use of written notes. (Doc. 51 at 1). Due to his

traumatic brain injury, learning disability, and cognitive limitations, Plaintiff claims that telephonic communication causes "cognitive strain" and "confusion." (*Id.* at 1–2). Defendant does not object to communicating with Plaintiff primarily in writing. (Doc. 54 at 1). Defendant does, however, request that Plaintiff's Motion be denied as the scope of his requests are untenable given the requirements of litigating and preparing a case for trial. (*Id.* at 1). Additionally, Defendant notes the impracticability of in-person discussions as Plaintiff resides in Spokane, Washington and Defendant's counsel is here in Phoenix, Arizona.

The Court agrees with Defendant that the scope of the accommodations requested by Plaintiff will unduly hinder litigation efforts. Particularly leading up to trial there are firm deadlines and deliverables due to the Court, and confining the parties' communications to email is not realistic for the parties to meet Court deadlines and conferral requirements. Indeed, under the Court's Rule 16 Scheduling Order, exchanging emails does not amount to sincere conferral efforts. (*See* Doc. 24 at ¶ 6). Finally, the Court will not mandate that any communications, outside of emails, occur in person. Neither Plaintiff or Defendant should have to bear the costs of regular travel between Washington and Arizona.

That said, the Court is mindful of Plaintiff's disabilities and believes reasonable measures can be put into place to accommodate Plaintiff. To the extent possible, communications between the parties should be conducted via email. When oral communication is required, Defendant has offered to participate in videoconference meetings for discussions that would routinely be held over the phone. (Doc. 54 at 2). This offer is reasonable and would negate expensive travel by either party, and, therefore, the Court will adopt Defendant's proposal. Plaintiff is of course permitted to use written notes throughout these discussions or at any other time Plaintiff wishes to utilize written notes.

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Motion for Extension of Time (Doc. 57) is **DENIED**. Plaintiff's full and complete expert disclosures are due on

**November 7, 2025**.

**IT IS FURTHER ORDER** that Plaintiff's Motion for ADA Communication Accommodations (Doc. 51) is **GRANTED IN PART** and **DENIED IN PART**. To the extent possible, the parties shall communicate via email.

**IT IS FINALLY ORDERED** that Plaintiff and Defendant shall participate in videoconference calls for communications that would regularly occur over the telephone. Plaintiff is permitted to use written notes at will throughout these proceedings.

Dated this 4th day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge