**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel M. Leeyer, | No. CV-25-08061-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Stores Incorporated, | |
| Defendant. | |

Defendant Circle K Stores, Inc. ("Defendant") filed a Motion for Alternative Service of Process of Subpoena on Non-Party David Sinai. (Doc. 53). Defendant and Plaintiff Daniel M. Leeyer ("Plaintiff") were unable to agree upon an alternative service method. Defendant requests that the Court authorize alternative service on non-party David Sinai via certified mail and electronic mail. Plaintiff did not file a response to Defendant's Motion. The Court grants Defendant's Motion for the following reasons.

**I.   Background**

Plaintiff has named David Sinai as a retained expert in this matter. (Doc. 53 at 2). Mr. Sinai's CV only lists a P.O. Box, not a physical address. Defendant issued subpoenas to Mr. Sinai and his company on August 19, 2025. (*Id.*) Defendant claims that a certified process server has made four unsuccessful attempts at service at four different addresses:

- 15315 Magnolia Blvd, Ste 428, Sherman Oaks, CA 91403 (address provided on the California Secretary of State website);
- 1875 Century Center Park East, #600, Century City, CA 90067 (corporate

headquarters listed on Mr. Sinai's website);

- 40 N. Central Ave, Suite 1400, Phoenix, AZ 85004 (Arizona address listed on Mr. Sinai's website); and
- 10100 Santa Monica Blvd, Ste 300, Los Angeles, CA 90067 (other address associated with Sinai's company).

(*Id.*)  The process server was notified each time that Mr. Sinai was not affiliated with the address.  (*Id.*)  Plaintiff also declined Defendant's requests discuss accepting service with Mr. Sinai or disclose the address where Mr. Sinai can accept service.  (*Id.*)

**II.     Discussion**

Federal Rules of Civil Procedure 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person[.]"  *Id.*  However, courts have allowed for parties to serve Rule 45 subpoenas by alternative service methods other than personal service.  *See*, *e.g.*, *Toni Brattin & Co., Inc. v. Mosaic International, LLC*, 2015 WL 1844056, *3-4 (N.D. Cal. 2015) (granting service by certified mail following repeated unsuccessful attempts at personal service); *Cordius Trust v. Kummerfeld*, 2000 WL 10268, *1-2 (S.D.N.Y. 2000) (permitting service by certified mail after multiple attempts to effectuate personal service); *Armed Forces Bank NA v. Dragoo*, 2018 WL 8621583, *2 (D. Ariz. 2018) (allowing service by email where the non-party was evading personal service but had been responsive to emails).

Here, Defendant has demonstrated repeated efforts to achieve personal service on Mr. Sinai.  Plaintiff categorically refused to facilitate personal service.[1]  With the lack of information about Mr. Sinai's address, further attempts at personal service would result in unnecessary cost and delay.  Finally, Defendant's proposal of service by (1) certified mail to P.O. Box 24036, Los Angeles, CA 90024 and (2) electronic mail to davidsinai126@gmail.com, under these circumstances, is reasonably calculated to provide notice.  Therefore, Defendant's Motion for Alternative Service (Doc. 53) is granted.

---

[1] Plaintiff is reminded that he is held to the same professionalism standards as licensed attorneys.  Plaintiff, like Defendant's attorneys, is charged with securing "the just, speedy, and inexpensive determination" of this action.  F. R. Civ. P. 1.  This includes providing a retained expert's servable address to obviate the need of another motion to the Court.

1  Accordingly,

2  **IT IS ORDERD** that Defendant's Motion for Alternative Service of Process of

3  Subpoena on Non-Party David Sinai (Doc. 53) is **GRANTED**.  To effectuate service on

4  David Sinai, Defendant shall serve the subpoena via (1) certified mail to P.O. Box 24036,

5  Los Angeles, CA 90024 and (2) electronic mail to davidsinai126@gmail.com.

6  Dated this 4th day of November, 2025.

_____

Honorable Diane J. Humetewa
United States District Judge