**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Daniel M. Leeyer,

Plaintiff,

v.

Circle K Stores Incorporated,

Defendant.

No. CV-25-08061-PCT-DJH

**ORDER**

Defendant Circle K. Stores Inc. ("Defendant") filed a Motion to Remand (Doc. 87) on June 3, 2026.  In his Response, *pro se* Plaintiff Daniel M. Leeyer ("Plaintiff") stated that he does not oppose remand; however, he requests that the Court award him his costs and expenses incurred in this litigation and moot the pending motion for summary judgment and *Daubert* motion.  (Doc. 90 at 2–3).  Defendant, in its Reply, argues that Plaintiff is only entitled to costs incurred as a result of the improper removal.  (Doc. 91 at 2).

Plaintiff originally filed this case in Mohave County Superior Court on February 19, 2025, due to a slip and fall that occurred at a Circle K gas station.  (*See* Doc. 1-1 at 3–6).  Defendant then removed the case based on diversity jurisdiction under 28 U.S.C. § 1332(a), claiming that the amount in controversy exceeded $75,000.00 and complete diversity existed.  (Doc. 1 at ¶7).  Specifically, Defendant asserted that Plaintiff is considered a citizen of Washington, and Circle K is a citizen of Texas as it is incorporated and maintains its principal place of business in Texas.  (*Id.* at ¶¶ 9–10).  However, Defendant's counsel

"recently learned that Defendant's principal place of business is in fact Tempe, Arizona, and was Tempe, Arizona when the case was removed." (Doc. 83 at 1).

Federal courts are courts of limited jurisdiction and removal statutes are strictly construed. District courts do have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a)…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "It is thus clear that the presence of a local defendant at the time removal is sought bars removal." *Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004). Because Defendant is a citizen of Arizona, the removal of this case to the United States District Court for the District of Arizona was improper. Thus, this case will be remanded to Mohave County Superior Court.

In doing so, the Court will not deny the pending dispositive motions. Instead, the Court will remand these motions to the Mohave County Superior Court for resolution them. The Court will, however, retain limited jurisdiction to resolve any dispute regarding the costs and expenses Plaintiff has incurred as a result of this improper removal. Indeed, there is no question that Defendant improperly removed this case, and the misrepresentation of one's own domicile is a troubling error. Section 1447(c) accounts for just costs and expenses "incurred as a result of removal." 28 U.S.C. § 1447(c). In his Response, Plaintiff notes that he has sustained "approximately $14,000 in expert-retention costs together with filing, copying, travel, lodging, and other litigation expenses." (Doc. 90 at 3). This blanket amount is not recoverable under § 1447(c). Plaintiff would have incurred expert fees regardless of whether this case was litigated in state or federal court, and presumably also incurred travel and lodging expenses, as both courts are located in Arizona. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995) ("[O]ther fees and costs incurred in federal court after a removal may be related only tenuously to the removal, as when they

replace similar fees and costs that would have been incurred in state court if the litigation had proceeded there. Such fees and costs cannot be considered 'incurred as a result of the removal.' ").  So, while the Court will allow Plaintiff (after a good faith meet and confer with Defendant) to recoup his expenses associated with the improper removal, Plaintiff must limit his request to those actually attributable to the removal.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Remand (Doc. 87) is **GRANTED**. The Clerk shall take all necessary steps to remand this case, including all currently pending motions (Docs. 83, 84), to the Mohave County Superior Court.

**IT IS FURTHER ORDERED** that Plaintiff must meet and confer in good faith with Defendant regarding any costs and expenses associated with the improper removal within **fourteen (14) days of this Order**.  If no agreement is reached regarding those alleged amounts, Plaintiff shall have until **July 31, 2026,** to file a motion for costs and expenses associated with the improper removal.  The Court will retain limited jurisdiction to resolve any motion for costs and expenses that is filed by Plaintiff.  If Plaintiff does not file a motion for costs and expenses by **July 31, 2026,** the Clerk of Court is instructed to terminate this matter without further order from the Court.

Dated this 6th day of July, 2026.

_____
Honorable Diane J. Humetewa
United States District Judge